**Law Offices**
**PARKER McCAY P.A.**
**By:  Brett E.J. Gorman, Esquire**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey 08054**
**(856) 596-8900**
**bgorman@parkermccay.com**
Attorneys for Defendant, Princeton Public Schools Board of Education

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.W. o/b/o N.W.,<br><br>            Plaintiff,<br><br>      v.<br><br>Princeton Public Schools Board of Education,<br><br>            Defendants. | HONORABLE MICHAEL A. SHIPP<br><br>CIVIL ACTION<br><br>No. 3:17-cv-13973 |

**LAW OFFICE**
**Parker McCay P.A.**

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINITFF'S COMPLAINT

# TABLE OF CONTENTS

**STATEMENT OF FACTS**....................................................................................................... 1

**LEGAL ARGUMENT**............................................................................................................. 6

    **I. STANDARD OF REVIEW**............................................................................................ 6

    **II. PLAINTIFF WAIVED HER RIGHT TO BRING THE COMPLAINT
    BEFORE THIS COURT THROUGH A VALID SETTLEMENT
    AGREEMENT.** ...................................................................................................... 8

    **III. SHOULD THE COURT INVALIDATE THE SETTLEMENT AGREEMENT,
    THE ENTIRETY OF THE COMPLAINT MUST BE DISMISSED FOR
    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND THE
    MATTER SHOULD BE REMANDED TO THE OFFICE OF
    ADMINISTRATIVE LAW FOR ADJUDICATION.** ......................................... 14

**CONCLUSION** ...................................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

Abbott Labs. V. Gardner, 387 U.S. 136 (1967) .......................................................................... 15

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ....................................................................................... 7

Baer v. Chase, 392 F.3d 609 (3d Cir. 2004) ................................................................................ 9

Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266 (3d Cir. 2014) .................................... 14

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................................ 7

Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir.1997) ............................................. 7

Finocchiaro v. Squire Corrugated Container Corp., CIV.A.05-5154(SRC) (D.N.J. Jan. 28,
2008) ........................................................................................................................................... 9

Green v. John H. Lewis & Co., 436 F.2d 389 (3d Cir. 1970) ....................................................... 9

Komninos by Komninos v. Upper Saddle River Bd. Of Educ., 13 F.3d 775 (3rd Cir. 1994) ..... 15

Malleus v. George, 641 F.3d 560 (3d Cir.2011) .......................................................................... 8

Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir.1997) ................................................. 7

Nolan v. Lee Ho, 120 N.J. 465 (1990) ......................................................................................... 8

Pascarella v. Bruck, 190 N.J. Super. 118 (App. Div. 1983) ........................................................ 9

Pension Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1992) .............. 7

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir.2008) ...................................................... 7

Rocks v. City of Philadelphia, 868 F.2d 644 (3d Cir.1989) ......................................................... 7

Santiago v. Warminster Twp., 629 F.3d 121 (3d. Cir. 2010) ) ..................................................... 8

United States v. Lightman, 988 F.Supp. 448 (D.N.J.1997) .......................................................... 9

United States v. Zoebisch, 2013 aff'd, 586 Fed. Appx. 852 (3d Cir. 2014) ................................. 9

Zong v. Merrill Lynch Pierce Fenner & Smith, Inc., 632 Fed. Appx. 692 (3d Cir. 2015), cert.
denied, 137 S. Ct. 1812 (2017) ................................................................................................ 9

**Rules**

F.R.C.P. 12(b)(6)………………………………………………………………………….6,12,19

## STATEMENT OF FACTS

1.  Princeton Public Schools Board of Education (hereinafter "District") is the local educational agency responsible for the operations of the Princeton Public School District, a prekindergarten through twelfth grade public school district.

2.  N.W. is a student who resided within the District until the end of the 2017-2018 school year.

3.  On August 27, 2015, Petitioner filed a due process petition against the District seeking an out-of-district placement for N.W. and compensatory education.

4.  The aforementioned matter was resolved via a Settlement Agreement, dated October 29, 2015 (hereinafter "Prior Agreement").  (Exhibit "A")

5.  The Prior Agreement provides, in relevant part, that, at Petitioner's request, N.W. would be placed at the Fusion Academy in Princeton, New Jersey for sixth grade during the 2015-2016 school year and for seventh grade during the 2016-2017 school year, and the District would pay tuition directly to the Fusion Academy for same.  Id.

1

6.  The District complied fully with the Prior Agreement and maintained N.W.'s placement at the Fusion Academy during the 2015-2016 and 2016-2017 school year.

7.  On or about January, 2017, A.W. contacted the District and indicated that she was considering enrolling N.W. in the District.

8.  On or about February, 2017, the District conducted an IEP meeting with A.W. in attendance.  Plaintiff subsequently filed a due process petition in the Office of Administrative Law (hereinafter "OAL") that was assigned to the Honorable Dean Buono, ALJ (hereinafter "ALJ").

9.  On September 7, 2017, the District filed a motion for partial summary decision, which the ALJ granted by way of a Court Order.  The Order indicated that only issues concerning claims from July 1, 2017 forward could proceed and all claims prior to that date were barred as a result of the Prior Agreement.

10. On September 8, 2017, Plaintiff filed an application for emergent relief before the ALJ seeking an intent to pay letter from the District for N.W.'s tuition at the Fusion Academy but later changed the relief to placement at the Lewis School.

11. N.W. did not attend the Fusion Academy at the beginning of the 2017-2018 school year, which the District had agreed to maintain as the "stay put" placement pursuant to the terms of the Prior Agreement.

12. On September 28, 2017, the ALJ issued his decision denying Plaintiff's petition for emergent relief and finding that the Fusion Academy was the "stay-put" placement. (Document 32-2 under docket 3:17-11432).

13. This decision was subsequently appealed and is pending before the Honorable Michael Shipp under docket 3:17-11432. Under that docket, there are two pending applications filed by the District seeking dismissal with prejudice of the complaint in that docket and the pending complaint under this docket. (Documents 23 and 29 under docket 3:17-1143).

14. This matter was scheduled to commence to a due process hearing on March 2, 2018. However, prior to the start of the hearing, the parties entered into settlement discussions, and came to an agreement that stated, in relevant part, that (1) the District would reimburse the parent in an amount not to exceed $42,194.00 for 2017-2018 tuition at the Lewis School, (2) the District would reimburse the parent in an amount not to exceed $45,000 for the 2018-2019 tuition at the Lewis School, (3) for the costs already made by Plaintiff for the 2017-2018 school year, the District would issue the payment in a lump sum but the remaining costs, as well as the costs for the 2018-2019 school year, would be made on a monthly

basis, (4) all payments made by the District shall be issued upon receipt of proof of payment and attendance of N.W. at the Lewis School within forty five days of receipt of the aforementioned documentation, (5) Plaintiff agreed to dismiss with prejudice the complaint filed under docket number 3:17-11432, and (6) a general release of all claims against the District and its employees. (Document 23-2, p. 8 under docket 3:17-11432).

15. This Agreement was memorialized in writing, reviewed by Plaintiff, read into the record before the ALJ, the ALJ *voir dired* Plaintiff regarding its terms, and Plaintiff swore – under oath – that she consented to the Agreement. Plaintiff, a licensed attorney, then signed the Agreement in the presence of the ALJ and opposing counsel.  (Document 35-1 under docket 3:17-11432).

16. The Settlement Agreement dated March 2, 2018 (hereinafter "Agreement"), having been subject to approval by the Board of Education, was signed by the Board President and Board Secretary and then approved by the full Board on March 23, 2018.  (Document 23-2, p. 8 under docket 3:17-11432).

17. On April 24, 2018, the District filed a Motion to Accept Settlement and Issue Final Order in the OAL.  (Document 23-2, p. 44 under docket 3:17-11432).

18. On May 17, 2018, the ALJ issued an order and accompanying written opinion granting Defendant's motion and shortly thereafter the District

4

performed as to its obligations under the Agreement by issuing payment to Plaintiff in the amount of $42,194.00. (Document 23-2, p. 62 under docket 3:17-11432).

19. On May 20, 2018, Plaintiff filed a Motion for Reconsideration which was denied on June 20, 2018 as procedurally deficient and not cognizable under the IDEA.  (Document 23-2, p. 77 under docket 3:17-11432).

20. On September 25, 2017, Plaintiff filed an amended complaint in this docket alleging claims which were waived by and through the Agreement. Service was effectuated on October 8, 2018.  (Document 3).

21. The District files the following application seeking the dismissal of the complaint with prejudice.

## <u>LEGAL ARGUMENT</u>

### I.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for, "failure to state a claim upon which relief can be granted." <u>See</u> Fed. R. Civ. P. 12(b)(6). The Supreme Court has held that in order to state a claim, "a Plaintiff's obligation to provide the grounds of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). The Supreme Court has further held that, "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009). In reviewing a pleading for sufficiency, the Supreme Court has determined that a court must, "take all of the factual allegations in the complaint as true," but they are, "not bound to accept as true a legal conclusion couched as a factual allegation," <u>Id</u>. at 678. *Quoting* <u>Twombly</u>, 550 U.S. 544, 556 (2007).

The Third Circuit has held that, "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will

reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.2008)(internal quotations omitted) (citing Twombly, 127 S.Ct. at 1965). It has been held that although a court does not need to credit a complaint's "bald assertions" or "legal conclusions," it must view all of the allegations in the complaint as well as all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997) (*citing* Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.1989)); *see also* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429–30 (3d Cir.1997). The Third Circuit has advised that in evaluating a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) (6), the Court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the Plaintiff's claims are based on those documents. Pension Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1992).

Applying the principles of Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Third Circuit has set forth a three-part analysis that a district court must conduct when evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption

7

> of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

[Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d. Cir. 2010) (quoting Iqbal, 556 U.S. at 675, 679).]

The Third Circuit has further explained, "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir.2011).

With that framework in mind, and for the reasons stated below, the District respectfully requests that the Court enter an order Dismissing Plaintiff's Complaint, finding that Plaintiff has failed to state a claim upon which relief may be granted.

## II. PLAINTIFF WAIVED HER RIGHT TO BRING THE COMPLAINT BEFORE THIS COURT THROUGH A VALID SETTLEMENT AGREEMENT.

New Jersey has a strong public policy in favor of settlements. See Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). "An agreement to settle a lawsuit is a contract which . . . may be freely entered into, and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does

8

other contracts." Pascarella v. Bruck, 190 N.J. Super. 118, 124-125 (App. Div. 1983). Disputes regarding settlement agreements should be resolved by applying general principles of local contract law. Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970). In accordance with traditional principles of contract law, "parties create an enforceable contract when they agree to the essential terms and manifest an intent that the terms bind them." Baer v. Chase, 392 F.3d 609, 619 (3d Cir. 2004).

"Where a party to an agreement-in-principle suddenly changes its mind and refuses to execute the written contract without explanation, the court must enforce the agreement." United States v. Lightman, 988 F.Supp. 448, 463 (D.N.J.1997); see e.g., Zong v. Merrill Lynch Pierce Fenner & Smith, Inc., 632 Fed. Appx. 692, 695 (3d Cir. 2015), cert. denied, 137 S. Ct. 1812 (2017) (enforceable settlement agreement where transcript demonstrated that the opposing party explicitly agreed to material terms); Finocchiaro v. Squire Corrugated Container Corp., CIV.A.05-5154(SRC), 2008 WL 305337, at *3 (D.N.J. Jan. 28, 2008) (finding there was an enforceable agreement where parties placed terms of the agreement on the record and the opposing party agreed to those terms); United States v. Zoebisch, 2013 WL 5719246, at *2 (D.N.J. Oct. 18, 2013), aff'd, 586 Fed. Appx. 852 (3d Cir. 2014) ("As an agreement-in-principle had already been reached by the parties on February 24, 2012 [when on the

record, the parties set forth material terms and agreed to them], Defendant's 'buyer's remorse' as to the terms of the Settlement Agreement into which he voluntarily and clearly stated his intention to enter does not justify reopening the case to permit litigation and reopen the case.").

Here, and by way of background, the parties entered into a valid agreement on March 2, 2018.  This Agreement was memorialized in writing, reviewed by Plaintiff, read into the record before the ALJ, the ALJ *voir dired* Plaintiff regarding its terms, and Plaintiff swore – under oath – that she consented to the Agreement.  Plaintiff, a licensed attorney, then signed the Agreement in the presence of the ALJ and opposing counsel.  Further correspondence between the parties after execution of the agreement is subject to and addressed by both parties through the motions before the Court under docket 3:17-1143.  (Document 23 and 29).  For the sake of brevity and judicial economy, the District will not reiterate those facts and arguments and will rely upon the briefing by both parties in that docket as to this issue.

On March 23, 2018, the District's Board of Education approved the Agreement at a public meeting and Plaintiff was subsequently issued a check in the amount of $42,194.00 pursuant to Paragraph 1 of the Agreement.  Plaintiff has deposited that payment and has received the "benefit" of the bargain struck by the parties.

After Plaintiff failed to perform on her obligations under the Agreement and dismiss the Complaint under docket 3:17-1143, however, the District became aware that Plaintiff did not believe she was bound by the terms of the Agreement and the District thereafter filed a Motion to Accept the Settlement to the ALJ.  On May 17, 2018, the ALJ granted the District's motion, and issued an order, stating that:

> I have reviewed the terms of settlement and I FIND:
>
> 1. The parties have voluntarily agreed to the settlement as evidenced by their signatures or their representatives' signatures on [the agreement.]
> 2. The settlement fully disposes of all issues in controversy between them and is consistent with the law.
> Therefore, I ORDER that the parties comply with the settlement terms and that these proceedings be concluded.

After the ALJ entered this Order, Plaintiff filed a motion for reconsideration that was also denied as it was procedurally deficient and not cognizable under the IDEA, further confirming the validity of the Agreement. Parenthetically it is again noted that, as more fully briefed in Document 23 and 29 under docket 3:17-1143, Plaintiff failed to timely appeal the final decision of the ALJ which is now final and cannot be appealed.  However, assuming the Court finds that Plaintiff filed a timely appeal, even though it was filed more than 90 days after the final order in that matter, there are no valid reasons to overturn the Agreement.

In spite of the fact that Plaintiff has been ordered to comply with the terms of the Agreement and has already received the benefit of that Agreement in the form of $42,194.00, Plaintiff has still failed to fulfill her obligations. Namely, Plaintiff has not dismissed the Complaint pending before this Court under docket 3:17-1143 – as she is required to pursuant to Paragraph 5 of the Agreement – and she has filed a separate action under the Amended Complaint in this docket alleging several new civil claims against the District and its employees. Both actions contravene the specific terms of the Agreement.

The ALJ entered a valid, binding Agreement between the parties which requires Plaintiff to dismiss the action under docket 3:17-1143 and precludes her from filing the Amended Complaint in this docket. All that Plaintiff has submitted in either docket to support her claims are the same type of bald assertions which are contradicted by the documentary evidence and are not sufficient to defeat an application pursuant to F.R.C.P. 12(b)(6). Moreover, Plaintiff has accepted performance on the Agreement from the District yet seeks to vacate the portions of the Agreement that are inconvenient to her, namely the general waiver of claims which induced the payment by the District. In short, Plaintiff wants to keep the District's payment of $42,194.00 – which represents her maximum cost for placing N.W. at the Lewis School for the 2017-2018 school and which was given in exchange for a general waiver of all claims for

12

that time period – while simultaneously alleging civil claims against the District and its employees that were waived as part of the Agreement.  Such action contradicts the Agreement and must be dismissed.

Finally, and as more fully briefed in Document 29-1 and Document 32 filed under docket 3:17-cv-1143, Plaintiff is not entitled to or eligible for any claims beyond June 30, 2018.  So as not to reiterate those arguments which have been fully briefed, the District incorporates those arguments as if fully set forth herein.  In short, however, Plaintiff moved out of the jurisdiction of the District on or about June 2018 and, therefore, cannot allege any claims under the IDEA or any other law related to the District or its employees for any time after June 2018.

In conclusion, assuming all of the facts contained in Plaintiff's complaint are true, and granting Plaintiff all favorable inferences, Plaintiff cannot maintain a the claims asserted in the Complaint. It is undisputable that Plaintiff entered into a valid and binding settlement agreement waiving her rights to bring the claims in this Complaint, and by doing so, Plaintiff is in breach of the Agreement, and violation of the Order entered the ALJ.

Accordingly, the District respectfully requests that this Court issue an order dismissing the Complaints in both dockets with prejudice as a result of the Agreement and Plaintiff's subsequent move out of the jurisdiction of the District. Those two events preclude any viable claims made by Plaintiff as the Agreement

provides relief for all claims before June 30, 2018 and Plaintiff moved out of the jurisdiction of the District thereafter. The Complaint must be dismissed with prejudice.

### III. SHOULD THE COURT INVALIDATE THE SETTLEMENT AGREEMENT, THE ENTIRETY OF THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND THE MATTER SHOULD BE REMANDED TO THE OFFICE OF ADMINISTRATIVE LAW FOR ADJUDICATION.

Plaintiff's Complaint should be dismissed because all claim brought under the IDEA or claims related to the education of a disabled student are subject to exhaustion of administrative remedies before commencing a civil action. Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 271-73 (3d Cir. 2014). When a plaintiff's claim is related to the identification, evaluation, or educational placement or a student with disabilities, the plaintiff must first exhaust the administrative remedies available at the state level. Id. at 274.

In a Third Circuit appeal, the Circuit Court, while ultimately vacating the District Courts ruling on other grounds, agreed with the reasoning in the District Court's decision to dismiss a civil complaint arising out of an appeal of a special education matter where the District Court held, "20 U.S.C. § 1400-1484a vests a District Court, 'with jurisdiction only when a plaintiff has first followed the procedures set forth in the Act and exhausted the administrative remedies under

14

the Act.'" <u>Komninos by Komninos v. Upper Saddle River Bd. Of Educ.</u>, 13 F.3d 775, 778 (3rd Cir. 1994). Therefore, in that matter, "'Plaintiffs not having yet exhausted the procedures required by the act,' the District Court dismissed the Complaint for 'lack of jurisdiction'." <u>Id</u>. The Third Circuit agreed with the District Court's decision noting that, "the fact that the pending administrative hearings are delving into many of the same factual issues presented to the District Court graphically illustrates the disadvantages of concurrent activity in two forums. <u>Id</u>. at 780.

The purposes of the limited jurisdiction of Federal Courts is twofold, "to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies," and secondly, "to protect the agencies from judicial interference until an administrative decision has been formalized and its effect felt in a concrete way by the challenging parties." <u>Abbott Labs. V. Gardner</u>, 387 U.S. 136, 148-49 (1967).

There are limited exceptions to the requirement to exhaust administrative remedies, which the Third Circuit has provided are, where the administrative process would be futile or inadequate, where the issue presented is purely a legal question, or where exhaustion would work severe or irreparable harm on the litigant." <u>Komninos</u>, 13 F.3d 775, at 778.

In the instant matter and only in the event the Court determines that the Agreement is not valid and enforceable, the underlying due process petition would then be unresolved and would require adjudication before the OAL. This would require an automatic dismissal of the Complaint as the administrative remedies have not been exhausted. Plaintiff does not meet any of the exceptions outlined for exhaustion of the administrative remedies, has no evidence to show that the administrative process would be futile or ineffective, nor could Plaintiff demonstrate that there are no material facts in dispute. Lastly, this is clearly not an emergent matter where Plaintiff stands to incur severe harm because Plaintiff no longer resides within the District and is admittedly receiving special education services at another school district. The sole issue left between the parties would be a compensatory education claim for the 2017-2018 school year, which is not emergent.

From a procedural perspective then, if the Court invalidates the Agreement, the underlying due process petition would require adjudication by the OAL, not this Court. The Agreement should be affirmed for the reasons set forth above and in the pending motions (Documents 29 and 32 of docket 3:17-1143). But if it is not, the Court must remand the matter for adjudication to the OAL and dismiss the remaining civil claims as Plaintiff has not yet exhausted her administrative remedies.

Parenthetically, it is noted that the matter before the OAL would then be a determination as to the appropriateness of the District's proposed program for the 2017-2018 school year and if Plaintiff is entitled to reimbursement for placement at the Lewis School for that year. The maximum relief Plaintiff can receive in that due process petition is reimbursement of costs for the Lew School in the amount of $42,194.00 which, as explained throughout this application, the District has already provided Plaintiff in exchange for a general release of all claims against the District and its employees. If the Agreement is invalidated for the reasons articulated by Plaintiff, then there has not been a meeting of the minds, the District does not have a general waiver of claims for the 2017-2018 school year, Plaintiff is not entitled to the aforementioned $42,194.00 (which must be returned to the District), and the matter would proceed to a full due process hearing on the appropriateness of the program.

Consequently, the procedural and substantive relief submitted by Plaintiff is not viable or appropriate under the law. There is no viable scenario where the Agreement would be invalidated but Plaintiff would keep the $42,194.00 and this Court would adjudicate the civil claims in the Complaint. Rather, there are only two possible outcomes in this matter. First, as set forth above, the Court affirms the Agreement and the final decision by the ALJ. In this scenario, Plaintiff would keep the $42,194.00 and the Complaint would be dismissed with prejudice as

Plaintiff already waived the right to raise such claims. Second, the Court invalidates the Agreement. In that scenario, Plaintiff would be ordered to return the $42,194.00 and the underlying due process petition would be remanded for adjudication by the OAL. Only after that matter is adjudicated by the OAL, and Plaintiff exhausts her administrative remedies, would Plaintiff potentially maintain actionable civil claims.

Therefore, in the unlikely event the Court invalidates the Agreement, Plaintiff's Complaint must be dismissed and remanded back to the OAL for a determination on the merits as Plaintiff must exhaust her administrative remedies. The underlying matter would then proceed to a full hearing on the issue of the appropriateness of the District's program for the 2017-2018 school year and whether Plaintiff is entitled to compensatory education for that school year. Accordingly, even if Plaintiff succeeds in invalidating the Agreement, the Complaint must be dismissed.

## CONCLUSION

Because Plaintiff entered into a valid Agreement with the District waiving all claims through June 2018, accepted performance from the District, and relocated outside of the District, Plaintiff does not have any claims to bring before this Court.  In the alternative, should the Court invalidate the Agreement, the Complaint must be dismissed for failure to exhaust administrative remedies. Therefore, the District respectfully submits that Plaintiff's Complaints in both dockets must be dismissed with prejudice for failure to state a claim upon which relieve can be granted pursuant to F.R.C.P. 12(b)(6).

Respectfully,

**PARKER McCAY P.A.**
Attorneys for Defendant,
Princeton Public Schools

By: /s/ BRETT E.J. GORMAN_____
    BRETT E.J. GORMAN, ESQUIRE

Dated:  October 29, 2018

19