**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| A.W. o/b/o N.W., | : | Civil Action No. 3:18-cv-13973-MAS-TJB |
| Plaintiffs, | : | |
| v. | | |
| PRINCETON PUBLIC SCHOOLS BOARD OF EDUCATION AND MICKI CRISAFULLI, | : | |
| | : | |
| Defendants. | | |
| _____x | | |

_____

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR
CLARIFICATION OR ALTERNATIVELY, RECONSIDERATION
OF ORDER ENTERED FEBRUARY 15, 2019, FOR PRODUCTION
OF DOCUMENTS AND TO REINSTATE MOTION TO DISQUALIFY**

_____

Matthew S. Slowinski, Esq.
Attorney ID#: 019701986
SLOWINSKI ATKINS, LLP
290 W. Mt Pleasant Avenue
Eisenhower Corporate Campus
Suite No. 2310
Livingston, NJ 07039
Attorneys for Plaintiffs

On the Brief:

Matthew S. Slowinski, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................i

PRELIMINARY STATEMENT..........................................1

COMBINED PROCEDURAL HISTORY AND STATEMENT OF FACTS.............3

New Information Regarding OSEP files and Defendants'
Accusations ..................................................11
   (i)    OSEP files.......................................11
   (ii)   Exhibits to defendants' motion to
        enforce..........................................11
        ........................................................
   (iii)  Special education policies and
        appeals..........................................14
        ........................................................

POINT ONE

IN THE EVENT THE COURT IS REQUIRING THAT PLAINTIFFS OBTAIN AND
FILE RECORDS FROM OSEP, RECONSIDERATION IS WARRANTED BASED ON
NEW EVIDENCE PRESENTED WITH THIS MOTION AND TO CORRECT ERRORS
IN LAW AND FACT ARISING FROM DEFENDANTS' CORRESPONDENCE........14

POINT TWO

IN THE EVENT THE COURT IS SUSPENDING PLAINTIFFS' CASE UNTIL
THE PARENT/PLAINTIFFS OBTAINS FILES FROM OSEP,
RECONSIDERATION IS WARRANTED BECAUSE SUCH AN OUTCOME IS
CONTRARY TO THE IDEA..........................................17

POINT THREE

RECONSIDERATION IS WARRANTED TO REINSTATE
PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL......................19

CONCLUSION....................................................21

## TABLE OF AUTHORITIES

Cases

Firestone Tire Rubber Co. v. Risjord, 449 U.S. 368 (1981)......19

Freeman v. Vicchiarelli, 827 F. Supp. 300 (D.N.J. 1993)........19

i

<u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669 (3d Cir. 1999)...........................................................15

<u>Susan N. v. Wilson School Dist.</u>, 70 F.3d 751 (3rd Cir. 1995)...........................................................18

<u>Statutes</u>

20 U.S.C. 1400 *et seq*...........................................................2

20 U.S.C. 1415 (e)(2)...........................................................18

20 U.S.C. 1232g (2006 and Supp.2010)...........................18

<u>Rules and Regulations</u>

Local R. 7.1(i)............................................... 15

Local R. 9.1(c)............................................... 19

Local R., Appendix R, "Lawyer's Duties to the Court," ¶ 6..... 17

N.J.A.C. 6A:32-7.1(f)......................................... 18

## PRELIMINARY STATEMENT

Plaintiffs A.W. o/b/o N.W., respectfully submit this brief in support of their motion for clarification or alternatively, reconsideration of the Court's order of February 15, 2019 (ECF No. 31); for an order requiring production of documents from defendants; and for reinstatement of plaintiffs' motion to disqualify counsel filed January 11, 2019 (ECF No. 19).

On February 15, 2019, this Court ordered:

> that by 3/1/2019, Plaintiff must e-file the administrative record and a certification as to the completeness and accuracy of the record; by 3/8/2019, Plaintiff must submit a courtesy copy of the administrative record printed double-sided and appropriately bound to the Court; that if the complete administrative record is not e-filed by 3/1/2019 the Court shall close this matter until the administrative record is e-filed with the Court; that the [22] First MOTION to Dismiss filed by PRINCETON PUBLIC SCHOOLS BOARD OF EDUCATION, MICKI CRISAFULLI, and [19] MOTION to Disqualify Counsel filed by A. W. are terminated (ECF No. 31).

Plaintiffs request clarification: specifically, whether the Court is directing plaintiffs to re-file the administrative record anew (with records directly from the Office of Special Education (OSEP)) or whether plaintiffs may submit a certification as to the accuracy and completeness of the Joint Record that has already been e-filed.

In the event that the latter is acceptable, plaintiffs have e-filed a certification of counsel herewith as to the completeness and accuracy of the Joint Record. As confirmed by this certification, the record as to decisions rendered by the N.J. Office of Administrative Law (N.J. OAL), on September 28, 2017, May 17, 2018, and June 20, 2018, is complete with the addition of just two pages (Ja838 and Ja839), submitted herewith; one of these pages had been partially cut

off in reproducing the record (at Ja644), and the other (an innocuous email), was inadvertently omitted. With these pages, the record already e-filed is complete as to the three-referenced decisions.

Additionally, as to the broader administrative proceedings arising from when the due process petition was filed on February 15, 2017, to when the N.J. OAL issued its decision on June 20, 2018, the record is also complete with the exception of two pieces of correspondence that plaintiffs have repeatedly asked defendants to provide. In preparing the Table of Contents to the Joint Record, plaintiffs reserved space at Ja31 and Ja493 for this correspondence to be added. Plaintiffs request an order requiring that defendants produce this correspondence. Upon receipt of that correspondence, plaintiffs may insert it into the Joint Record and provide a double-sided, bound copy of the complete record to the Court in accordance with the February 15, 2019 order.

Alternatively, in the event the Court, via the February 15, 2019 order, is directing that plaintiffs obtain records directly from OSEP and file same, plaintiffs request reconsideration. Neither the Individuals with Disabilities Act, 20 U.S.C. 1400 et seq. ("IDEA"), nor any rule of procedure requires that parents obtain records directly from an administrative agency as a condition of maintaining an IDEA appeal. Here, despite repeated inquiries, plaintiffs, to date, have not received any documents from OSEP or confirmation that any documents may be forthcoming from OSEP in the near future, if at all.

In their correspondence that led to the Court's February 15, 2019 order, defendants unfairly criticized the record and its manner of preparation. For example, defendants claimed the Joint Record was "deficient," missing crucial defense exhibits, prepared without time for review, and that plaintiffs had represented they were filing the OSEP record. These arguments were inaccurate and unfounded. Notably, defendants' attack on the record was only launched after defendants were unable to solicit plaintiffs' consent to include documents into the Joint Record that had <u>not</u> actually been filed before the N.J. OAL. Plaintiffs clarify this background here and provide the confirmation that, with limited correction as noted above, the record, as already filed, is complete and accurate.

Lastly, plaintiffs request reinstatement of their motion to disqualify. The motion to disqualify is not dependent upon the record but upon facts <u>outside</u> the record. Delays occasioned by the filing of the record create an opportune time to address this motion. Reinstatement of the motion is thus respectfully requested.

### COMBINED PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

Plaintiffs filed their Complaint against defendants Princeton Public Schools Board of Education (PPS) and Micki Crisafulli on September 18, 2018 (ECF No. 1). An amended complaint was filed on September 25, 2018 (ECF No. 3). Both defendants were served on October

---

[1] Since this motion relates to a procedural matter, the procedural history and statement of facts are combined for ease of reference.

9, 2018 (ECF No. 5). On October 29, 2018, defendant PPS only filed a motion to dismiss in lieu of an Answer (ECF No. 7).

On December 14, 2018, this Court terminated defendants' motion to dismiss given an incomplete record. The Court ordered: "By December 19, 2018, the parties shall jointly submit a complete record of the proceedings before the N.J. OAL in relation to decisions rendered by same on September 28, 2017; May 17, 2018; and June 20, 2018" (ECF No. 10, p. 6, ¶ 1).

On December 17, 2018, defendants sent plaintiffs a proposed list of documents to file (PMa1-2).[2]  On December 18, 2018, the deadline to comply with this order was extended until January 2, 2019 (ECF No. 14), although defendants informed the Court, before the deadline was extended, they were ready to comply with the Court's order of December 14, 2018 and file the complete record on December 19, 2018 (ECF No. 13). On December 19, 2018, plaintiffs sent a more comprehensive index to the record to defendants (PMa3, PMa4-11). On December 19, 2018, defendants approved of the index, added that it may be helpful to order the administrative record from the NJDOE, and agreed to join in filing the documents that day – i.e., independent of any papers from OSEP (PMa12).[3] Plaintiffs then attended to compiling the documents,

---

[2] "PMa" refers to the appendix annexed as "Exhibit C" to the accompanying Certification of Counsel, submitted herewith.
[3] Specifically, defense counsel wrote:
   Thank you for sending. Yes, this looks like everything. The administrative record is typically ordered by the plaintiff in appeals of special education matters from the NJDOE. It is free for parents. I don't remember if that happened in this matter or, if it did, it happened during the appeal of the stay-put order from 2017 that was dismissed. It may be helpful

redacting them, removing duplicates, bates stamping them, indexing them, and preparing a table of contents to the appendix (plaintiff Cert. ¶ 4-5). On December 20, 2018, plaintiffs contacted OSEP and requested a copy of the administrative record, as suggested by defense counsel, and ordered two missing transcripts (Plaintiff Cert. ¶¶ 6-7).

On December 31, 2018, plaintiffs sent the proposed, Joint Record to defendants for review and approval including the Table of Contents to the Joint Record and all of the documents proposed to be filed (PMa13). Plaintiffs requested that defendants provide three items of correspondence they believed were part of the record, but missing from their files, namely: a letter brief filed by Ms. Dwyer on September 27, 2017; and two letters defendants submitted to the N.J. OAL, on or about October 30, 2017 and March 27, 2017 (PMa13). On January 2, 2019, plaintiffs again asked for the three missing pieces of correspondence (PMa14).

On January 2, 2019, defense counsel confirmed the Joint Record was an "exhaustive list" (PMa15). However, he objected to pages Bates stamped Ja1-81 and Ja501-593 as outside the scope of the Court's requested documents; he interpreted the Court's order of December 14, 2018, as calling only for filings <u>directly</u> related to the N.J. OAL's decisions dated September 28, 2017, May 17, 2018, and June 20, 2018

---

<u>for that to be ordered but his is everything that I can tell exists.</u>
<u>Will you be filing this under seal later today</u>? A lot of this is already in the record somewhere but <u>I join with the submission of these documents</u>. (PMa12)(emphasis added).

(PMa15). He confirmed the documents were accurate copies of papers filed before the N.J. OAL so he had no objection to including them "as a separate document to the Court" (PMa15). He provided plaintiffs with the missing letter brief from Ms. Dwyer of September 27, 2017, but did not provide the other two pieces of correspondence stating that "they are both part of the additional documents that the District is not joining in" (PMa15).

Plaintiffs proposed that, rather than separating the documents which defendants considered outside of the Court's request (which would be difficult and time consuming), plaintiffs would bring to the Court's attention that defendants did not join in those documents (PMa16). Plaintiffs' counsel also advised: "we did order the entire record from NJ OAL but have not yet received in time to incorporate same" (PMa16). Defense counsel replied to plaintiffs' email: "that's fine. I don't want to needlessly create extra work and it is not that big of a deal" (PMa18). Thus, both parties agreed that the Joint Record was acceptable without receiving a duplicate record from the N.J. OAL.

On January 2, 2019, plaintiffs uploaded a six-volume Joint Appendix with documents bates stamped Ja1-Ja809 (ECF No. 15, 1-6). On January 4, 2019, plaintiffs uploaded an additional volume containing transcripts (unavailable to be filed on January 2, 2019), bringing the total Joint Record to Ja839 (ECF No. 18). In submitting the documents, plaintiffs pointed out that defendants did not join in filing documents Ja1-Ja81 or Ja501-Ja593 and that there were two

6

pieces of correspondence to be inserted at Ja31 and Ja493 as they were missing from plaintiffs' files (ECF No. 15).

On January 11, 2019, plaintiffs filed a motion to disqualify Brett Gorman and Victoria Beck as counsel for defendants (ECF No. 19). Defendants obtained an extension of time in which to respond to the disqualification motion due to workload (ECF No. 20, 21). Then, on January 25, 2019, defendants PPS and Crisafulli filed a motion to dismiss the Complaint, initially returnable a motion cycle in advance of the motion to disqualify (ECF No. 22).

On January 25, 2019, the day defendants filed their motion to dismiss, they requested that plaintiffs consent to emails they had marked as 810-823 being added to the Joint Record (PMa17, PMa18). Plaintiffs responded they could not consent, because documents 814a to 823a were duplicates of pages already filed and documents marked 810a-813a had not been submitted to the N.J. OAL. (PMa18). Defendants nevertheless filed their motion to dismiss, citing to documents they marked as Ja810-824 (ECF 22-2, ¶ 20, pp. 8-9).[4] Defendants continued to debate with plaintiffs whether the emails could be added to the Joint Record later that evening and through the following week (PMa19-PMa22). On January 29, 2019, defendants agreed the emails sought to be added (and already cited in their motion), had not been submitted before the N.J. OAL; defense counsel acknowledged, in pertinent part:

> I reviewed the documents. It appears that the four pages of
> emails in dispute (810-813) were not attached to the original
> pleadings. __They were inadvertently omitted in the original__

---

[4] Defendants mistakenly began their marking at 810, whereas the record documents filed up to then went to Ja837.

motion to enter settlement before the ALJ and that continued throughout the next filings in federal court. However, the certification and briefs for those records directly cite the email set forth in 813. . . . The remaining three pages of emails (810-812) are the continuation of that conversation and are the complete email chain. (PMa21)(emphasis added).

Nonetheless, defendants requested that plaintiffs consent that emails at 810-813 are part of the record before the N.J. OAL (PMa21). Alternatively, defendants suggested "a compromise" that 813 is in the record and documents of 810-812 are "additional evidence" (PMa21). On January 29, 2019, plaintiffs replied all pages were "additional evidence" which was accurate (PMa22).

The next day, January 30, 2019, defendants sent plaintiffs an email asserting the Joint Record excluded all of the exhibits to the District's motion to enforce settlement and that they were going to e-file a "supplement to the [Joint Record] starting with number 810 and noting that it is not completely set forth in the joint exhibits" and that they would "then explain the additional three pages of emails as the complete emails to that exhibit …." (PMa23). In this email to plaintiff's counsel (sent late morning on January 30, 2019), defense counsel further wrote:

> Also, you previously said you had ordered the full record from OSEP. If you ever receive that,[5] it would be helpful if that was filed with the Court as well. I know it can take time to get it but that would eliminate any disputes we are having over these documents. (PMa23)(emphasis added).

---

[5] Plaintiffs note this comment reflects an understanding that records from OSEP might never be received. See also certification of plaintiff herewith, ¶¶ 7-12.

About 90 minutes later (before plaintiffs responded [PMa23]), defendants filed correspondence with the Court stating: "plaintiffs' counsel has represented to Defendants that he has ordered the full administrative record from [OSEP] and will file same upon receipt" (ECF No. 23)(emphasis added).  This was inaccurate. As the above email shows (PMa23), defendants counsel had suggested that plaintiffs file the OSEP record in the event it was ever received. Plaintiffs' counsel never stated he would be filing same as plaintiffs already e-filed the administrative record with defendants' consent.

In their January 30, 2019 correspondence, defendants asked that documents bates stamped 810-860 be added to the Joint Record (ECF No. 23). In support of this request, defendants argued that documents 814-860 (annexed to their letter as "Exhibit A") were defense exhibits that had been entirely omitted from the Joint Record (ECF No. 23).[6] Defendants further argued that documents stamped 810-813 were emails that had not been filed before the N.J. OAL but "these emails were cited in the brief and certification before the N.J. OAL" (ECF No. 23).[7]

On February 6 2019, this Court ordered counsel to respond to the comment in defendants' letter and to specify what, if any, additional documents they proposed to file (ECF No. 28). On February 8, 2018, plaintiffs submitted correspondence seeking to clarify the above

---

[6] This statement was incorrect. Counsel Cert. herewith, ¶ 5-6.
[7] This statement also was incorrect; only one email, appearing at 813, had been referred to in a brief and certification before the N.J. OAL which defendants had previously acknowledged (PMa21).

inaccuracies (ECF No. 29). Specifically, they pointed out that: documents 814-860 attached to defendants' letter were duplicates; documents 810-813 were not submitted to the N.J. OAL; plaintiffs had received no documents from OSEP; and with the exception of two pieces of correspondence missing from plaintiffs' files (which they had requested that defendants produce), they did not intend to supplement the record and had <u>not</u> communicated to defendants an intent to do so which is confirmed by the correspondence, above (PMa23, ECF No. 29). On February 8, 2019, defendants replied, arguing that documents 814-860 "are not in the joint exhibits" and accusing plaintiffs' counsel of "completely misrepresenting" and "blatantly misrepresenting" the documents filed before the Court" (ECF No. 30). Defendants suggested that plaintiffs intentionally omitted exhibits favorable to the defense, stating: "[i]t is interesting that documents that support Defendants' argument were omitted from the proposed joint exhibit[s] . . ." (ECF 30, p. 2).

In their February 8, 2019 letter, defendants also argued that the Joint Record filed on January 2, 2019 was too extensive and included "every possible document [plaintiffs] had in the file . . ." (ECF No. 30, p. 2). Defendants complained about a short-turn around time in which to review the record (<u>Ibid</u>.) Defendants argued that plaintiffs had an obligation to file the administrative record with their complaint (ECF No. 30, p. 2). Defendants argued that plaintiffs, having ordered the record from OSEP and presumably being entitled to a free copy, should be required to file that record with the Court

because the record, on file, is "clearly deficient" which the parties "do not agree upon" (ECF No. 30, p. 3). The Court then ordered, on February 15, 2019, that plaintiffs e-file the record, along with a certification, and pending motions were terminated (ECF No. 31).

**New Information Regarding OSEP files and Defendants' Accusations**

**(i)    OSEP files**

Plaintiffs have attempted to follow up on their request for a copy of N.W.'s case files from OSEP that was made on December 20, 2018; however, it appears uncertain whether N.W.'s case files will be provided by OSEP (plaintiff cert. ¶¶ 7-12). Even if the files were provided, it is uncertain what type of organization the file would be in and which records would be included; significant attorney and clerical time necessarily would be needed to properly file the papers with the Court, _e.g._, to organize, scan, and bates stamp the documents, plus redacting personal identifiers and birthdates and indexing the documents would be time-consuming (see, _e.g._, plaintiff certification herewith, ¶¶ 4-5).

**(ii) Exhibits to Defendants' Motion to Enforce**

Defendants claimed in their January 30, 2019 and February 8, 2019 letters that their "Exhibit A" (documents bearing bates stamped 814-860), were omitted from the Joint Record (ECF No. 23, 30). However, to demonstrate the error in this argument, plaintiffs have prepared the chart below, showing where defendants' documents bearing bates stamps 814-860 appear in the Joint Record filed January 2, 2019:

| Defendants Bates Stamp | Description of Document | Page where appears in Joint Record filed 1/2/2019 | How first presented to the N.J. OAL[8] |
|---|---|---|---|
| 814-822 | Exh. A: Stipulation of settlement signed March 2, 2018, March 22, 2018 and March 26, 2018 | Ja624 | Attachment to email sent to N.J. OAL on 3/29/2018 |
| 823-824 | Exh. B.: Resolution dated March 23, 2018 | Ja623 | Attachment to email sent to N.J. OAL on 3/29/2018 |
| 825-834 | Exh. C: Emails between A.W. and Gorman | | |
| | A.W. to Gorman 3/27/2018 (10:41 am) | Ja668 | District motion to enforce settlement |
| | Gorman to A.W., 3-15-2018 | Ja669 | With District motion to enforce settlement |
| | A.W. to Gorman, 3/15/2018 (11:13 am) | Ja669 | District motion to enforce settlement |
| | Gorman to A.W., 3-14-2018 (10:56), | Ja645 | plaintiff motion for equitable reformation |
| | A.W. to Gorman 3/14/2018 (10:56), | Ja644 | plaintiff motion for equitable reformation |
| | Gorman to A.W. 3-13-2018 (15:03) <br><br>Bates 829 | **Ja644/partially cut off** | plaintiff motion for equitable reformation |
| | A.W. to Gorman, 3/10/2018 (10:26) | Ja643 | plaintiff motion for equitable reformation |

---

[8] <u>Note</u>: The documents do not all appear in the <u>same order</u> as in defendant's "Exhibit A" (ECF-23), because a number of the documents were submitted more than once to the N.J. OAL; in removing duplicates, the exhibits were cross-referenced in the Table of Contents (at page "x" [ten]) rather than included in the Joint Record a second time. <u>See</u> Counsel Certification herewith, ¶¶ 5-6.

|  | Gorman to A.W. 3/9/2019 (9:52) | Ja643 | plaintiff motion for equitable reformation |
|---|---|---|---|
|  | **A.W. to Gorman, 3/9/2018 (9:04) At Bates 831** | **N/A  - Ja838** | **Inadvertently omitted** |
|  | Gorman to A.W. (3-6-2018)(12:49) | Ja642 | plaintiff motion for equitable reformation |
|  | A.W. to Gorman 3/6/2018 (12:39 am) | Ja640 | plaintiff motion for equitable reformation |
| 835-836 | Exh. D: Emails to N.J. OAL on 3/29/2018 | Ja622 and Ja632 | With emails to OAL on 3/29/18 |
| 839-841 | Exh. E: District letter to N.J. OAL 4/2/2018 | Ja633 | District letter to OAL on 4/2/2018 |
| 842-860 | Exh. F: Plaintiff's request for equitable reformation filed 4/3/2018 | Ja635-Ja649 | plaintiff motion for equitable reformation |

In preparing this table, plaintiffs discovered there were two emails filed with defendants' motion to enforce settlement that were inadvertently not fully included in the Joint Record. Specifically, an email from Mr. Gorman to A.W. sent on 3-13-2018 (at 15:03) was reproduced in the Joint Record at Ja644 but was partially cut off, and an email from A.W. to Mr. Gorman on 3-9-2019 (at 9:04) was inadvertently omitted (Counsel Cert., ¶ 7-8). However, the remaining exhibits were all fully and accurately included, as demonstrated above.

(iii)    **Special Education policies and appeals**

In their letters of January 30, 2019 and February 8, 2019, defendants argued that plaintiffs should be required to obtain a record from OSEP and file that record directly with the Court (ECF 23, 30). Defendants predicated this argument based on an alleged "deficient record" and alleged personal experiences of defense counsel herein, who reported having been involved "with multiple appeals of special education due process petitions, which maintain their own unique procedural requirements …" (ECF No. 30, page 3). However, PACER records on file with the U.S. District Court for the District of N.J. show a total of ten cases involving defense counsel herein, three of which involve the minor herein, N.W. (plaintiff cert. ¶ 16, PACER-1). Of the remaining seven cases, it appears from PACER that only one case had docket entries relating specifically to preparation of the administrative record, and in that case, it appears <u>defendants</u> had been ordered to incur the cost and burden of filing the administrative record, not the parents of the disabled child (<u>see</u>, <u>Id.</u>, PACER-4 to 19).

<u>POINT ONE</u>

**IN THE EVENT THE COURT IS REQUIRING THAT PLAINTIFFS OBTAIN AND FILE RECORDS FROM OSEP, RECONSIDERATION IS WARRANTED BASED ON NEW EVIDENCE PRESENTED WITH THIS MOTION AND TO CORRECT ERRORS IN LAW AND FACT ARISING FROM DEFENDANTS' CORRESPONDENCE**

Local Civil Rule 7(i) permits a party to file for reconsideration within fourteen days after entry of an order, by "setting forth concisely the matter or controlling decisions which the party believes

the Judge or Magistrate Judge has overlooked . . ." L. Civ. R. 7.1(i). A motion for reconsideration is proper where a moving party shows there is i) new evidence not available when the court reached its decision, or ii) a need to correct an error of law or fact or to prevent manifest injustice. <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

In the event the Court is requiring that plaintiffs file an administrative record from OSEP as a condition of permitting their case to continue, reconsideration is respectfully requested. Plaintiffs already submitted a comprehensive, complete and accurate record to the Court - expending much attorney time and resources to do so – in compliance with this Court's December 14, 2018 order. Conversely, plaintiffs have no control over when, <u>if ever</u>, OSEP may deliver N.W.'s records to them. Requiring that plaintiffs submit a record from OSEP will needlessly delay these proceedings for an undetermined period of time, perhaps indefinitely.

Moreover, significantly, even if plaintiffs obtained a full record from OSEP by March 1, 2019, this would not resolve the disputes that defendants have raised regarding the Joint Record. For example, defendants first disputed that the Joint Record filed on January 2, 2019 was too complete. While acknowledging that the documents contained in the January 2, 2019 Joint Record were true copies of documents submitted to the N.J. OAL, they objected that papers included in the Joint Record (specifically, at Ja1-81 and Ja590-593),

were outside the scope of the Court's December 14, 2018 order (PMa15). This contention cannot be addressed with OSEP files.

Second, defendants raised the dispute that certain emails (what they numbered 810-813), should be included in the Joint Record, even though they agree with plaintiffs that these papers were not submitted to the N.J. OAL (PMa21). Again, obtaining papers from OSEP will not resolve this dispute; the dispute is not about what was submitted to the N.J. OAL. The dispute is whether the record could be considered to include documents admittedly not filed with the N.J. OAL.

Then, third, defendants raised a dispute about how the record was prepared after they sought to add additional emails to the Joint Record (defendants 810-813). While seeking to improperly add exhibits not before the N.J. OAL, defendants prefaced its request with the unfounded claim that exhibits to its "motion to enforce" were intentionally excluded from the Joint Record. However, here, again, what was actually submitted to the N.J. OAL is not in dispute. The only issue raised by defendants was whether the Joint Record did, indeed, include all the exhibits from defendant's "motion to enforce." Review of the filed, Joint Record, confirms that these exhibits were included, save the two emails plaintiffs herein acknowledge were inadvertently not fully included.

In sum, plaintiffs have expended significant attorney time and effort to work with defense counsel to comply with this Court's order of December 14, 2018 and jointly submit a complete record of the administrative proceedings before the N.J. OAL, including all

16

motions, certifications and exhibits. Defendants did not raise any objections to the completeness of the record or the manner in which it was prepared throughout the extended time they had to prepare and file the Joint Record on January 2, 2019. On January 30, 2019, defendants only raised objections after they were refused consent to add to the Joint Record certain emails that had not actually been presented to the N.J. OAL below. Defendants' objections are without merit and should not be allowed to needlessly delay these proceedings and cause the plaintiffs undue burden and expense.

### POINT TWO

**IN THE EVENT THE COURT IS SUSPENDING PLAINTIFFS' CASE UNTIL THE PARENT/PLAINTIFFS OBTAINS FILES FROM OSEP, RECONSIDERATION IS WARRANTED BECAUSE SUCN AN OUTCOME IS CONTRARY TO THE IDEA**

Upon entering the February 15, 2019 order, the Court did not have the benefit of a motion and thus, relevant and material information regarding the Joint Record. The Court apparently relied on defense counsel's letter e-filed on January 30, 2019, in which defendants inaccurately asserted plaintiffs were filing the OSEP record, and plaintiffs did not respond because unsolicited letters should not be sent to the Court. See Local R., Appendix R, "Lawyer's Duties to the Court," ¶ 6 ("We will not write letters to the court in connection with a pending action, unless invited or permitted by the court"). However, defense counsel's assertions that plaintiffs were filing OSEP records, and that the parent has the obligation to order and file a record directly from an administrative agency in an appeal

under the IDEA, 20 U.S.C. Sec. 1415, lack any rule, authority, or documentation.

The Individuals with Disabilities Education Act states that the district court shall: "receive the records of the administrative proceedings, ...[and] hear additional evidence at the request of a party." 20 U.S.C. Sec. 1415(e)(2). The IDEA does not specify which party is required to transmit the record to the District Court. See Susan N. v. Wilson School Dist., 70 F.3d 751 (3rd Cir. 1995) (district court shall "receive the records of the administrative proceedings"). Plaintiffs submit it is consistent with the IDEA's command for provision of a free and appropriate public education that the obligation to obtain, copy, redact, and file the record be placed on the school district, rather than the parent/disabled child, as these services necessarily call for expenditure of attorney time and other costs. (See also plaintiff cert herewith, attachment at PACER-18 to 19). Indeed, it is the obligation of the school district under NJ law (N.J.A.C. 6A:32-7.1(f)), the IDEA, 20 U.S.C. 1414-1415, as well as the Federal Educational Rights and Privacy Act (FERPA), 20 U.S.C. 1232g (2006 and Supp.2010), to maintain and provide - to the parent - all of N.W.'s student records.

Nonetheless, defendants claimed in their correspondence that there is a protocol for special education cases, involving the parent being required to file an administrative record obtained from OSEP. This claim was raised without any citation to court rule, local rule,

statutory authority, documentation, or even case examples.[9] Indeed, docket reports in other case filings do not support the claim (plaintiff certification, PACER-4 to 19). However, here, plaintiffs expended considerable time and effort in compiling the administrative record. The complete administrative record is before the Court and should be accepted, with the exception of the two documents defendants must provide. In the event a new record is sought by defendants based on their unfounded accusations, the financial burden associated with these tasks should be borne by defendants consistent with the IDEA.

### POINT THREE

### RECONSIDERATION IS WARRANTED TO REINSTATE PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL

Here, the disqualification motion depends upon whether defense counsel are likely witnesses or have a conflict of interest due to the nature of the plaintiffs' claims. Freeman v. Vicchiarelli, 827 F. Supp. 300, 303 (D.N.J. 1993). These issues are properly addressed early in the litigation. Ibid. Reconsideration is warranted as the Court may have overlooked that the disqualification question is separate from the merits. See, e.g., Firestone Tire Rubber Co. v. Risjord, 449 U.S. 368, 376 (1981)(" we will assume, although we do not decide, that the disqualification question 'resolve[s] an

---

[9] In comparison, the Local Civil Rules for special security matters state that the administrative record is to be filed by the Defendant with its Answer. Local Civ. R. 9.1(c). Yet here, plaintiffs are the ones who prepared the record and already e-filed it with the Court.

important issue completely separate from the merits of the action,' the second part of the test").[10]

Here, plaintiffs' motion to disqualify does not depend upon the ultimate merits or completeness of the administrative record. Instead, the opposite is true here. The attorneys sought to be disqualified (Brett Gorman and Victoria Beck) are likely witnesses based on what is not in the administrative record, for example, off-record conversations they were solely privy to that induced plaintiff to execute the settlement instrument on March 2, 2018. They also are likely witnesses to representations that were made that date, bearing on whether there was a meeting of the minds that a final and enforceable agreement, as written, was contemplated that date - as opposed to a draft which the parties could amend and clarify. A more comprehensive administrative record will not bear on these issues which are based on off-the-record conversations.

Moreover, current administrative delays create an opportune time in which to address the disqualification motion. The prosecution of this case is being delayed by questions over the record. Plaintiffs submit this is presents an opportune time for a change in counsel. Should the Court rule in plaintiffs' favor on the motion, the administrative delays create a window for new defense counsel to

---

[10] In Firestone, the Court held that disqualification orders are not immediately appealable as collateral orders under the Cohen doctrine because they do not meet the third prong of the Cohen test, namely, that the order is effectively unreviewable on appeal. 449 U.S. at 368. However, in reaching that conclusion, the Court accepted they meet the second prong, i.e., being separate from the merits. Id. at 376.

become familiarized with the case, thus minimizing any alleged hardship from entry of a disqualification order. Plaintiffs' case is unduly prejudiced by Mr. Gorman's continued representation of defendants herein as his credibility as a fact witness is in issue, yet he continues to act herein as an attorney-advocate. Plaintiffs, therefore, respectfully request reinstatement of their motion at this time.

**<u>CONCLUSION</u>**

For the foregoing reasons, plaintiffs respectfully request that the Court enter an order i) that the administrative record previously filed by plaintiffs in this matter is complete, based on the certification of completeness filed by plaintiffs' counsel, and subject to defendants submission of Ja31 and Ja493 which shall be provided by March 5, 2019 so that plaintiff may include same in the courtesy copy of the administrative record to be bound and sent to the court; and ii) reinstating plaintiffs' motion to disqualify filed on January 11, 2019 (ECF No. 19).

Respectfully submitted,

*s/Matthew S. Slowinski, Esq.*

Matthew S. Slowinski, Esq.

Dated: February 27, 2019