Law Offices
**PARKER McCAY P.A.**
**By:  Brett E.J. Gorman, Esquire**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey 08054**
**(856) 596-8900**
**bgorman@parkermccay.com**
Attorneys for Defendants Princeton Public Schools Board of Education and Micki
Crisafulli

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| A.W. o/b/o N.W., <br><br>                 Plaintiff, <br><br>     v. <br><br> Princeton Public Schools Board of Education and Micki Crisafulli, <br><br>                 Defendants. | HONORABLE MICHAEL A. SHIPP <br><br> CIVIL ACTION <br><br> No. 3:18-cv-13973 |

LAW OFFICE
Parker McCay P.A.

**DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION**
**FOR SANCTIONS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 11(c)**

4823-1255-1817, v. 1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..........................................................................1

STATEMENT OF THE CASE ..........................................................................1

LEGAL ARGUMENT.......................................................................................4

CONCLUSION..................................................................................................8

i

# TABLE OF AUTHORITIES

**Cases**

DiPaolo v. Moran, 407 F.3d 140 (3d Cir. 2005) ........................................................6

Leuallen v. Borough of Paulsboro, 180 F.Supp.2d 615 (D.N.J. 2002) ...................6

Morley v. Ciba-Geigy Corp., 66 F.3d 21 (2d Cir. 1995)........................................6

Mary Ann Pensiero, Inc. v. Lingle, 847 F.3d 90 (3d Cir. 1988) ...........................6

Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080 (3rd Cir.1988) ........................................................................................................6

**Statutes**
20 U.S.C. 1415(i)(3)(B)(ii-iii) ...............................................................................2

**Rules**
Fed. R. Civ. P. 11 ..........................................................................................4, 5, 6, 8
Fed. R. Civ. P. 11(b) .............................................................................................5
Fed. R. Civ. P. 11(c) ......................................................................................1, 2, 5
Fed. R. Civ. P. 11(c)(4)..........................................................................................6
Fed. R. Civ. P. 12(b)(6) ......................................................................................1, 8

**Regulations**
N.J.A.C. 6A:14-2.8(v)(1)........................................................................................2

4823-1255-1817, v. 1

## PRELIMINARY STATEMENT

Princeton Public Schools Board of Education (hereinafter: "District") and Micki Crisafulli (hereinafter, collectively "Defendants"), bring this Motion for Sanctions consistent with Fed. R. Civ. P. 11(c) in an effort to both deter future outrageous conduct by Plaintiff and recoup attorney's fees incurred in defending Plaintiff's frivolous suit.

As explained more fully below this litigation was previously settled with a full *voir dire* and final order – which was not appealed – from an Administrative Law Judge.  Further, the allegations set forth in the Complaint for any alleged issues after the settlement was entered into are moot as plaintiff no longer resides in the jurisdiction of the District.   For these reasons, Defendants' previously gave notice to Plaintiff that her claims were frivolous through a letter dated September 24, 2018 and later filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants now file the within Motion for Sanctions against Plaintiff which should be granted.

## STATEMENT OF THE CASE

Defendants previously filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Document 22), which is incorporated by reference here.  That motion outlines that the Amended Complaint should be dismissed because Plaintiff has waived any and all claims by previously entering

1

into a valid settlement with Defendants and has left the jurisdiction of the District immediately following the entry of that settlement. It further discusses countless appeals and Motions for Reconsideration, a tactic that continues today.

There are some important facts to note which were not as relevant to the Motion to Dismiss. Plaintiff, A.W., a licensed attorney who previously served as counsel for herself and N.W., was provided a detailed, three page letter on September 24, 2018 that explained the reasons their Complaint was frivolous and notified her that Fed. R. Civ. P. 11(c) sanctions would be sought. See Exhibit "A."

As explained in that letter with citations to both statute and caselaw:

1) There is a valid settlement agreement whereby N.W. accepted $42,194;

2) N.W. no longer resides within the jurisdiction of the District[1];

3) The final order and settlement of May 17, 2018 was not appealed consistent with N.J.A.C. 6A:14-2.8(v)(1); and

4) In addition to Fed. R. Civ. P. 11(c) sanctions, the Individuals with Disabilities Act includes a provision for counsel fees for frivolous, harassing, or improper litigation. 20 U.S.C. 1415(i)(3)(B)(ii-iii).

Unfortunately, since September 24, 2018, Plaintiff has ratcheted up their baseless litigation tactics. This is evidenced by Plaintiff's Motion to Disqualify

---

[1] N.W. currently resides in Colorado.

2

Defense Counsel as well as the saga throughout the docket related to Plaintiff obtaining the full administrative record.  (Document 19).

The Court noted in a February 6, 2019 Order that "Defendants submitted correspondence stating 'Plaintiff's counsel... ordered the full administrative record from the Department of Education's Office of Special Education Programs and will file same upon receipt.'"  (Document 28).   The same was confirmed by Plaintiff on February 8, 2019.[2]  (Document 29).   Indeed, the Court entered a February 15, 2019 Order which called for Plaintiff to e-file the administrative record and, among other things, noting that if it was not done by March 1, 2019 that the Court "would close this matter until the administrative record is e-filed with the Court." (Document 31).  Further, the pending motions were terminated, to be reinstated once the administrative record was filed with the Court.  The Order was clear, reasonable, and seemingly non-controversial.

On February 27, 2019, Plaintiff filed a letter and Motion for Reconsideration, which purported to show Plaintiff did not understand the Court's clear Orders and asking for reconsideration.   (Documents 32 and 33, respectively).

---

[2] "defense counsel requested that plaintiffs order a copy of the administrative record ...Although we followed this request, plaintiffs have not received any documents from OSEP as of yet."

3

4823-1255-1817, v. 1

The undersigned responded on February 28, 2019 noting both Plaintiff's blatant disregard for the Court's Orders and lack of reasonable cooperation in resolving issues with the record. (Document 34). That letter further explained that instead of burdening the Court's docket with a 24-page brief asking for Reconsideration of an Order that was both neutral and procedural, Plaintiff could have contacted the undersigned or the Court and asked for a reasonable extension or simple clarification.

Since providing plaintiff with a "safe harbor" letter (Exhibit "B") plaintiffs have continued to riddle the docket with issues regarding obtaining and filing the below record.

Plaintiff's continued pursuit of invalid claims and as well as her provocative tactics are impacting the precious resources of both the School District and the Court. For the foregoing reasons, Defendants' Motion for Sanctions pursuant to Fed. R. Civ. P. 11 should be granted.

## LEGAL ARGUMENT

Fed. R. Civ. P. 11 provides that: "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b).

In instances when a violation of Fed. R. Civ. P. 11 is alleged, subsection (c) allows for a Motion for Sanctions:

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c).

When warranted, Courts should impose sanctions that will deter future comparable conduct and "may include nonmonetary directives; an order to pay a penalty into court; or...payment... of part or all of the reasonable attorney's fees

5

4823-1255-1817, v. 1

and other expenses." Fed. R. Civ. P. 11(c)(4); DiPaolo v. Moran, 407 F.3d 140, 146 (3d Cir. 2005); Leuallen v. Borough of Paulsboro, 180 F.Supp.2d 615, 618 (D.N.J. 2002).

In another instance, it was found that Courts have "wide discretion in deciding when sanctions are appropriate. A court's decision to award Rule 11 sanctions is accordingly reviewed for abuse of discretion." Morley v. Ciba-Geigy Corp., 66 F.3d 21, 24 (2d Cir. 1995). The United States Third Circuit Court of Appeals has encouraged litigants that the "timely filing and disposition of rule 11 motions should conserve judicial energies." Mary Ann Pensiero, Inc. v. Lingle, 847 F.3d 90, 99 (3d Cir. 1988).

In another matter that is specifically relevant here, the Third Circuit found that Fed. R. Civ. P. 11 sanctions were warranted when a plaintiff attempts to set aside a settlement agreement without factual or legal foundation. Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1091 (3rd Cir.1988)("Bass' filing for Napier of a claim clearly precluded by the statute of limitations and identical to at least one, and possibly two, other claims already adjudicated on Napier's behalf was legally frivolous.")

In this matter, Plaintiff has not only filed a frivolous pleading, but disregarded clear and detailed requests that she withdraw the same. As evidenced in Defendants' Motion to Dismiss the Amended Complaint, Plaintiff has

6

requested reconsideration and appeals at every opportunity in this litigation. (Document 22). It is difficult to imagine a more frivolous suit than one that was (1) already subject to settlement; (2) the child has moved to Colorado; and (3) administrative remedies (which are no longer available, much like the relief plaintiff seeks before this Court) were not exhausted.

Most recently, Plaintiff moved to disqualify counsel and defied the Court's February 15, 2019 Order in a manner which has wasted the precious resources of both Defendants and the Court.

The continued outrageous conduct of Plaintiff warrants sanctions. It is alarming that not one, but two attorneys admitted to the United States District Court of New Jersey have persisted with a baseless lawsuit. The Court should impose sanctions directly against Plaintiff and, as more fully set forth in Defendants Motion to Dismiss the Amended Complaint and Defendants' letter to Plaintiff dated September 24, 2018, the matter should be dismissed and Defendants awarded reasonable counsel fees for having to defend this frivolous litigation.

7

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that based upon the reasoning set forth above, in Defendants Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and its letter to Plaintiff dated September 24, 2018, Defendants' Motion for Sanctions pursuant to Fed. R. Civ. P. 11 should be granted.

Respectfully,

**PARKER McCAY P.A.**
Attorneys for Defendant, Princeton Public
Schools and Micki Crisafulli

By: /s/ BRETT E.J. GORMAN
       BRETT E.J. GORMAN, ESQUIRE

Dated:  April 2, 2019

8